**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT MARK SANTANA, | No. 11-17251 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00573-KJD-LRL |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted January 17, 2013**
San Francisco, California

Before: TASHIMA and GRABER, Circuit Judges, and ADELMAN,*** District
Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Petitioner Vincent Mark Santana appeals from the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Reviewing de novo the district court's decision, Robinson v. Schriro, 595 F.3d 1086, 1099 (9th Cir.), cert. denied, 131 S. Ct. 566 (2010), we affirm.

1. In state habeas proceedings, Petitioner alleged that, during voir dire, the prosecutor "repeatedly" questioned potential jurors about whether they had children and that his lawyer failed to object to those questions. Petitioner argued that the failure to object constituted ineffective assistance of counsel. The state court determined that Petitioner "failed to demonstrate that he was prejudiced by his counsel's failure to object." See Hibbler v. Benedetti, 693 F.3d 1140, 1149 (9th Cir. 2012) ("In order to establish ineffective assistance . . . , a defendant must show both deficient performance and prejudice." (internal quotation marks omitted)). That determination neither involved an unreasonable application of clearly established law nor resulted in a decision premised on an unreasonable application of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Petitioner asks us to surmise, from the alleged questioning alone, that there is a reasonable likelihood that the jury inferred that his prior sex conviction was against a child, that the jury's inference caused it to be biased against him, and that the bias

2

affected the verdict. We cannot say that the state court's rejection of that chain of speculation was unreasonable.

2. In state habeas proceedings, Petitioner also alleged that his lawyer refused to permit him to testify in his own defense, in violation of his right to effective assistance of counsel. The state court determined that Petitioner failed to demonstrate both deficient performance and prejudice. That determination neither involved an unreasonable application of clearly established law nor resulted in a decision premised on an unreasonable application of the facts in light of the evidence presented. Id. § 2254(d). For instance, as the state court reasonably held, Petitioner failed to demonstrate that his lawyer's decision not to call Petitioner as a witness was anything other than a "strategic" decision.

3. We decline to expand the certificate of appealability. Id. § 2253(c)(1)(A).

**AFFIRMED.**